MISSILDA MAINE, Appellant, v. CITY OF DES MOINES, Appellee.

**MUNICIPAL CORPORATIONS:** Canopy Over Sidewalk as Negligence. Permitting the maintenance over a sidewalk of a canopy which deposits a film of moisture at the outer edge of the walk, which moisture, when frozen, is not discernible, does not constitute actionable negligence on the part of a city.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

FEBRUARY 9, 1921.

ACTION for damages for personal injuries sustained from a fall upon an icy sidewalk. At the close of plaintiff's evidence, there was a directed verdict for the defendant, and the plaintiff has appealed.—*Affirmed.*

*Parsons & Mills,* for appellant.

*H. W. Byers* and *Reson Jones,* for appellee.

PER CURIAM.—The accident to plaintiff happened on January 28, 1917, at about 9 o'clock P. M. She was returning home from church. Two hours previously, she had passed over the walks of the defendant in the near vicinity of the place of the accident, on her way to church. At that hour, the walks were more or less wet and slushy. In the intervening two hours, a slight freezing had occurred. The place of the accident was on the east side of Sixth Avenue, in front of a place of business where a canopy was maintained, extending over the sidewalk. The section of the sidewalk in front of such place was all cleaned and dry, except at the outer edge against the curb, where it was slightly damp or wet. The curb at this point was about four inches high. The walk itself was about nine feet wide, and all cleared. The wet or damp place near the outer edge had been rendered slippery by the freezing. The plaintiff crossed the street from the west side thereof, and stepped upon the sidewalk under the canopy in question. She slipped at the outer edge and fell and sustained severe injuries. There was no accumulation of water or of ice. There was not sufficient ice to be observable. There was no lack of light. The plaintiff testified as follows:

"There was no snow on the sidewalk in front of the show. It had all been cleaned off. When I stepped up, I didn't notice anyone, and didn't notice any ice. I was just watching along the street. Didn't look down at the walk at all. If I had looked down, I could not have seen it. It was not dark. Just enough water there to make a glaze. The walk looked dry. So if there was ice there, I couldn't see it at all. It was not because it

wasn't light. My foot didn't slip when I took the first step. When I went to take the second step, my foot slipped. They were both on the sidewalk. The right foot slipped. I don't know with which foot I stepped on the sidewalk first. The left foot slipped first. Right at that point there on the sidewalk, I think it is clear, and there is no drip there.''

·    Her evidence on the material facts is summed up by her counsel in their brief as follows:

''That the light was burning in the street, and there was no snow on the sidewalk in front of the show. It had all been cleaned off. That when she stepped up, she didn't notice any ice. That, if she had looked down, she could not have seen it. That it was not dark. That there was just enough water to make a glaze. The walk looked dry. When she went to take the second step, her foot slipped, both feet being on the sidewalk. That, if she had gone east at the intersection, and then gone up the sidewalk, she would have had eight feet of clear sidewalk where there is no drip. That it was not freezing when she went to church, so that, whatever freezing was, it was done after she went to church.''

The specific negligence charged against the city is that it permitted the maintenance of the canopy over the sidewalk at this place, and that the water necessarily ran off from the canopy at its outer edge, and that this caused the dampness at the outer edge, which resulted in the glazed condition described. Why the maintenance of the canopy should be deemed negligence, as bearing upon the condition of the sidewalk, is not pointed out. The testimony indicates that it operated to protect the condition of the sidewalk; that, whereas the sidewalks generally were covered with slush, this particular section under the protection of the canopy was clean and dry, except that it was slightly wet at the outer edge. We deem it clear that the facts here indicated furnish no basis for a claim of negligence on the part of the city. The judgment of dismissal must, therefore, be—*Affirmed*.

DE GRAFF, J., took no part. All the other justices concur.